# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|     Plaintiffs | ) | |
| v. | ) | CAUSE NO.: 2:10 CR 109 |
| | ) | |
| MARTIN ANAYA, | ) | |
|     Defendant | ) | |

# MEMORANDUM IN AID OF SENTENCING

Comes now the Defendant, by Attorney Adam Tavitas, who submits this Memorandum for the Court to consider for the Defendant's Sentencing Hearing, which is currently scheduled for Wednesday, May 22, 2013 at 10:00 a.m. This is a supplement to the letters from family and friends of Martin Anaya which were sent to the Court on April 16, 2013.

## SENTENCE REQUESTED BY THE DEFENDANT

Martin Anaya's Jury Trial began on September 18, 2012. On September 25, 2012, the Defendant was found guilty of Count 1, Conspiracy to Participate in Racketeering Activity and guilty of Count 2, Conspiracy to Possess With Intent to Distribute 5 Kilograms or More of Cocaine. The Jury was given a special instruction as to Count 1 "Do you also find that the Defendant Martin Anaya committed the murder of Christina Campos." The Jury answered "no" to this special instruction. In addition, Martin Anaya was found not guilty of Counts 10 and 11, which was the murder of Christina Campos and use of a firearm in the murder of Christina Campos. The sentencing range of imprisonment on Count 1 is from 0 to 20 years, and the sentencing range of imprisonment on Count 2 is from 10 years to life. The Defendant will be requesting the Court to sentence him to ten (10) years of incarceration and request no fine be imposed against him.

## GUIDELINE CALCULATIONS

Pursuant to the Revised Final Pre-Sentence Investigation Report filed on May 7, 2013, the Defendant's total offense level is 43 and criminal history is VI, which gives him a guideline imprisonment range of life in prison. The Defendant has previously made numerous objections to the Guideline Calculation which are contained in his Response To The Pre-Sentence Report.

# ARGUMENT

In its Sentencing Memorandum filed on May 6, 2013 on page 7, the Government wrote "clearly Anaya was not a major drug trafficker. There was limited evidence presented at trial of Anaya's direct involvement of distributing drugs." However, the Government is still requesting a life sentence due to the theory that he is responsible for the death of Christina Campos. Even though the Jury acquitted Martin Anaya specifically of Counts related to the death of Christina Campos, the Government is still requesting that he be incarcerated for the rest of his life.

When the Third Superceding Indictment was filed on November 16, 2011, twenty three (23) Latin King members/associates were charged with various crimes. To date, twenty one (21) individuals have entered Plea Agreements with the Government; several have already been sentenced. The only person not to enter into a formal Plea Agreement and exercise his constitutional right to trial was Martin Anaya. It appears that Martin Anaya is the *only person* that the Government is/or will be requesting a life sentence in the entire indictment.

In the Third Superceding Indictment filed in November, 2011, nineteen (19) homicides were charged against several Latin King members. Here is a listing of some of the co-defendants' charged in the Conspiracy with Martin Anaya, what they pled guilty to, and what sentence they received (or in the cases where a Defendant had not yet been sentenced - the sentences recommended by the Government in their Plea Agreement):

1. **Alexander Vargas** - An admitted leader of the Latin Kings, he testified at the Trial of Martin Anaya. Mr. Vargas testified that although he had allegedly never killed another person, *over twenty (20) times he ordered hits for others to be killed.* Vargas also testified that he shot at more than ten (10) individuals. (See Trial Transcript of Alexander Vargas, pages 107-108). Vargas' Plea Agreement included cooperation language and at Anaya's trial, he indicated that he hoped to receive less than a life sentence.

2. **Sisto Bernal** - Another leader of the Latin Kings. According to the Government's Sentencing Memorandum filed on April 25, 2013, his offense level is 43 and criminal history is III, which would be a life sentence. However, there was cooperation in his Plea Agreement and the Government is requesting a sentence of twenty four (24) years.

3. **Jose Zambrano** - He had a management role in the Latin Kings. Pursuant to his Plea, he admitted that he is responsible for two (2) homicides. In addition, during cross-examination at the trial of Martin Anaya, he admitted that he was involved in ten (10) other shootings. (Trial Transcript of Jose Zambrano, page 27, lines 7-19). Zambrano also admitted to distributing

approximately 150 kilograms of cocaine in a two (2) week period in 2005. In the Government's Sentencing Memorandum for Jose Zambrano filed on April 25, 2013, it lists his offense level at 43, with a criminal history category IV for a guideline range of life imprisonment. However, at the Defendant's sentencing hearing on May 2, 2013, the Government asked for, and the Defendant received, a twenty (20) year prison sentence.

      4. **Jason Ortiz** - The Government will be able to assert that Ortiz is responsible for "multiple murders" pursuant to the terms of his Plea Agreement. In its Sentencing Memorandum filed on May 2, 2013, the Government indicates that Ortiz's offense level is 43 with a criminal history of VI for a guideline range of life imprisonment. However, the non-binding recommendation of the Government is for a twenty-five (25) year sentence. Ortiz did not cooperate.

      5. **Brandon Clay** - His Plea Agreement admits that he was responsible for at least two (2) murders. In its Sentencing Memorandum filed on January 4, 2013, the Government indicates Clay's total offense level is 43 and a criminal history category VI for a guideline range of life imprisonment. The Government recommended a thirty (30) year sentence, which he received on January 9, 2013. Clay also did not cooperate.

      6. **Jermaine Ellis** - Admitted to being responsible for the first degree murder of two (2) victims. In cross-examination at the Trial of Martin Anaya, he admitted to being involved in more than twenty (20) shootings. The Government indicated in its Sentencing Memorandum that his offense level is 42 and a criminal history of I, for a guideline range of 360 months to life. The Government is requesting that he be sentenced to twenty (20) years in prison

      7. **Ivan Quiroz** - Pled guilty to two (2) Counts of Murder in Aid of Racketeering. In addition, Quiroz admitted to being an organizer or leader. Pursuant to the Sentencing Memorandum filed by the Government on May 1, 2013, Quiroz's offense level is 43 with a criminal history of III, with a Guideline recommendation of life imprisonment. The Government recommended a twenty-five (25) year prison term, and on May 10, 2013 Ivan Quiroz received a twenty-five (25) year prison sentence.

      8. **Sergio Robles** - Pursuant to his Plea Agreement, he admits to being responsible for at least two (2) murders. The non-binding recommendation given by the Government is a twenty-five (25) year sentence as long as the Defendant fulfills his obligations of cooperating.

      9. **Oscar Gonzalez** - His Plea Agreement indicates that he is responsible for the first degree murder of one (1) victim. The Sentencing Memorandum filed by the Government indicates his

offense level at 42, criminal history of III, for a guideline range of 360 to life. He agreed to cooperate, and the Government is requesting that he be sentenced to twenty (20) years in prison.

10. **Gabriel Jalomos** - His Plea Agreement indicates that he is responsible for the first degree murder of two (2) victims. He agreed to cooperate and has not yet been sentenced.

18 U. S. C. 3553 Imposition of a Sentence (a) Factors To Be Considered In Imposing A Sentence, the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentence to be imposed, shall consider:

> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

Once again, Martin Anaya was acquitted by a Jury of the murder of Christina Campos/being responsible for the murder of Christina Campos. A life sentence would ignore the Jury's role and be a punishment much greater than what Mr. Anaya was eventually convicted. There have been numerous co-defendants in this case who have actually admitted to committing murder (or some to multiple homicides). Not all of the co-defendants who have admitted to murder even cooperated with the Government. Yet, the Government is only seeking a life sentence against one Defendant - Martin Anaya.

The Defendant acknowledges that the burden of proof regarding sentencing determinations is not proof beyond a reasonable doubt but instead by a preponderance of the evidence. However, when a Defendant's sentence can increase significantly based on relevant conduct "perhaps in extreme circumstances ... Clear and convincing evidence" would be the standard of proof for sentencing factors. United States vs. Hardin, 209 F. 3d 652 (7th Cir. 2000). Additionally, in United States v. Horne 474 F. 3d 1004 (7th Cir. 2007), "A judge might reasonably conclude that a sentence based almost entirely on evidence that satisfied only the normal civil standard of proof would be unlikely to promote respect for the law or provide just punishment for the offense of conviction. That would be a judgement for the sentencing judge to make and we would uphold it so long as it was reasonable in the circumstances." In this particular case, Martin Anaya is requesting that the Court utilize a higher burden of proof than a mere preponderance of the evidence standard for any sentencing enhancements due to the dramatic increase in a possible sentence he is facing for the relevant conduct associated with the death of Christian Campos. Furthermore, the Defendant

believes that for the reasons already outlined and submitted in his Response to the Pre-Sentence Report, no relevant conduct associated with the death of Christina Campos should be applied or used against him.

## CONCLUSION

Martin Anaya should not be the only person in this Indictment to get a life sentence and die in prison. "A sentence of death in prison is notably harsher than a sentence that stops even a short period before." United States v. Bullion 466 F. 3d 574 (7th Cir. 2006). Additionally, the Court stated in United States v. Wurzinger, 467 F. 3d 649 (7th Cir. 2006) "Death in prison is not to be ordered lightly, and the probability that a convict will not live out his sentence should certainly give pause to a sentencing court." The Government concedes he had a small role in any drug distribution (although a Jury did find him being responsible for greater than 5 kilograms of cocaine). The Jury acquitted Martin Anaya of any wrongdoing as far as the death of Christina Campos. The Defendant is requesting the Court sentence him to ten (10) years of incarceration.

Respectfully submitted,

/S/ Adam Tavitas
Adam Tavitas #18451-53
9120 Connecticut Drive, Suite G
Merrillville, IN 46410
219-796-9220
*Attorney for Defendant Martin Anaya*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiffs ) | |
| v. ) | CAUSE NO.: 2:10 CR 109 |
| ) | |
| MARTIN ANAYA, ) | |
| Defendant ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of May, 2013, I electronically filed a complete copy of the Memorandum In Aid of Sentencing and this Certificate of Service with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

AUSA David J. Nozick, David.Nozick@usdoj.gov
AUSA Joseph A. Cooley, joseph.cooley@usdoj.gov
John R. Cantrell, jcantrell@ormesandcantrell.com
Matthew N. Fech, mnf@fech-law.com
Clark W. Holesinger, clark.334@frontier.com
Bryan M. Truitt, bryan@tblawyers.com
Stephen E. Scheele, ses@gk4law.com
James N. Thiros, jim@thiros.com
Gojko Kasich, gkasich@crownlaw.com
John Maksimovich, criminallaw@johnmaksimovich.com
Susan M. Pavlow, smpavlow@mac.com
Todd S. Pugh, darrow911@mac.com
Michael W. Bosch, mbosch@netnitco.net

/s/ Adam Tavitas
Adam Tavitas #18451-53
9120 Connecticut Drive, Suite G
Merrillville, IN 46410
219-796-9220
*Counsel for Defendant Martin Anaya*