UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 2:10 CR 109 RL |
| | ) | |
| MARTIN ANAYA | ) | |

## GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255

Comes now the United States of America, by David Capp, United States Attorney for the Northern District of Indiana, through Assistant U.S. Attorney David J. Nozick, and requests that this honorable court deny the Petitioner's Motion to Vacate Under 28 U.S.C. § 2255.

## INTRODUCTION

The Petitioner argues that he is no longer a "career offender" under the Sentencing Guidelines in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Specifically, he claims that his criminal history category should not have been increased from category IV to VI, pursuant to U.S.S.G. § 4B1.1(b) and, therefore, he is entitled to relief under 28 U.S.C. § 2255.

The Petitioner's habeas petition is without merit and should be denied. *Johnson* provides the Petitioner no relief because, in that decision, the Supreme Court held the residual clause in the Armed Career Criminal Act

1

(ACCA), 18 U.S.C.A. § 924(e)(2)(B), to be unconstitutional. But, the Petitioner—who was sentenced under the career offender provision of the Sentencing Guidelines—was not sentenced based on a residual clause; rather, each of his crimes qualified under the force clause, which *Johnson* expressly left intact. And, ultimately, the Petitioner cannot establish the requisite prejudice given his failure to raise this argument below, because the applicable Sentencing Guideline range is the same for both criminal history categories IV and VI. Alternatively, even if the career offender residual clause were relevant, *Johnson* does not apply retroactively to guideline cases on collateral review.

## STATEMENT OF THE CASE

On September 25, 2012, a jury convicted the Petitioner—a member of the Almighty Latin Kings Nation—of conspiracy to commit a racketeering activity (Count 1) and conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 1000 kilograms or more of marijuana (Count 2).

On May 7, 2013, the Revised Presentence Investigation Report (PSR) was filed in the U.S. District Court for the Northern District of Indiana. The PSR determined the Petitioner's offense level at 43. PSR ¶ 35.

The PSR also determined the Petitioner's criminal history score. His prior criminal convictions included: Aggravated Assault (1/15/1988);

Aggravated Battery (12/27/1990); Unlawful Use of Weapon by Felon (7/29/1992); Aggravated Battery with Firearm, Armed Violence (Category I Weapon), and Aggravated Battery (6/23/94); Reckless Conduct (7/31/2008); Driving Under the Influence/Blood Alcohol Content .08 or More (12/7/2009); Drinking Alcohol on the Public Way (5/11/2010); Criminal Property Damage – Knowingly, Harassment by Telephone Damage, and Domestic Battery – Physical (10/14/2010). PSR ¶¶ 37-52. His prior criminal convictions resulted in a criminal history score of seven. PSR ¶ 53. U.S.S.G. § 4A1.1(c). The Petitioner committed Counts 1 and 2 while under a criminal justice sentence for Aggravated Battery, Unlawful Use of a Weapon, and Aggravated Battery with a Firearm; therefore, two points were added. U.S.S.G. § 4A1.1(d). The total criminal history score is nine. PSR ¶¶ 54-55. A criminal history score of nine establishes a criminal history category of IV. U.S.S.G. § 5A. The guideline range is life imprisonment where the offense level is 43 and the criminal history category is IV. U.S.S.G. § 5A.

The PSR increased the Petitioner's criminal history category from IV to VI after determining that he is a career offender. PSR ¶ 56. The Petitioner's convictions of Aggravated Battery (12/27/1990) and Aggravated Battery with Firearm, Armed Violence (Category I Weapon), and Aggravated Battery (6/23/94) qualify as crimes of violence as defined in U.S.S.G. § 4B1.2(a)(1). PSR ¶¶ 39-40, 43-44. As a result, the Petitioner has "at least two prior felony

convictions of either a crime of violence or a controlled substance offense" and is a career offender. U.S.S.G. § 4B1.1(a). The criminal history category for a career offender is VI. U.S.S.G. § 4B1.1(b). The guideline range is life imprisonment where the offense level is 43 and the criminal history category is VI. U.S.S.G. § 5A.

On May 22, 2013, the Petitioner was sentenced to 360 months for each of Counts 1 and 2, to be served concurrently. He appealed and, on August 29, 2014, the Seventh Circuit Court of Appeals remanded on Count 1 for the district court to correct a technical error in the judgment, *i.e.*, to clarify that the statutory maximum for Count 1 was twenty years. The Court affirmed the Petitioner's 360-month sentence for Count 2 and the concurrency of his two sentences. *United States v. Gonzalez*, 2014 U.S. App. LEXIS 16864, *13-14 (7th Cir. 2014).

On June 27, 2016, the Petitioner filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 Motion). The § 2255 Motion states that, in light of the Supreme Court's holding in *Johnson*, Defendant is not a "career offender" for purposes of the Guidelines. As a result, he claims that his criminal history category was incorrectly increased from IV to VI and his sentence warrants § 2255 relief.

# ARGUMENT

I. **Standard of Review**

A § 2255 motion allows a federal prisoner to attack his sentence on the grounds that it was imposed "in violation of the Constitution or laws of the United States … or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If the Supreme Court recognizes a new constitutional right and makes that right retroactively applicable to cases on collateral review, then the federal prisoner must file the § 2255 motion within one year from "the date which the right asserted was initially recognized by the Supreme Court."[1] 28 U.S.C. § 2255(f)(3).

A § 2255 motion is not "a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *Bousley v. United States*, 523 U.S. 614, 621, (1998) (stating that habeas review "will not be allowed to do service for an appeal"). A federal prisoner who failed to raise a constitutional issue on direct appeal is barred from raising it in a subsequent § 2255 motion unless he can show both good cause for the failure to raise the issue on direct appeal and actual prejudice from the failure to raise the issue. *United States*

---

[1] Defendant claims that the Supreme Court in *Johnson* asserted a new constitutional right and made this right retroactively applicable on collateral review. The Supreme Court decided *Johnson* on June 26, 2015. Because June 26, 2016 was a Sunday, Defendant filed within the one-year statute of limitation when he filed its § 2255 Motion on Monday, June 27, 2016.

5

*v. Frady*, 456 U.S. 152, 167-68 (1982); *see also*, *United States v. Kovic*, 830 F.2d 680, 683 (7th Cir. 1987).

## II. Supreme Court's Ruling in *Johnson*

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act's (hereinafter "ACCA") "violent felony" definition is void for vagueness. *Johnson,* 135 S. Ct. at 2563. The ACCA provides for a mandatory minimum sentence of 15 years of imprisonment for a defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e). There are three clauses in the statute defining what type of prior crime qualifies as a "violent felony." 18 U.S.C. § 924(e)(2)(B). The ACCA's three clauses are:

a. The "force" clause: "has as an element the use, or attempted use, or threatened use of physical force against the person of another"

b. The "enumerated offenses" clause: "is burglary, arson, or extortion, [or] involves use of explosives"

c. The "residual" clause: "or *otherwise involves conduct that presents a serious potential risk of physical injury to another*"

18 U.S.C. § 924(e)(2)(B) (emphasis added). In *Johnson*, the Supreme Court held that imposing an increased sentence under ACCA's residual clause, *i.e.*, the provision that defines a "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to

another," violates the Due Process Clause because the residual clause is impermissibly vague on its face. 135 S. Ct. at 2563.

The Court explicitly noted that its decision "does not call into question application of the [ACCA] to ... the remainder of the Act's definition of a violent felony," including a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), and a felony offense that "is burglary, arson, or extortion, [or] involves use of explosives," 18 U.S.C. § 924(e)(2)(B)(ii). 135 S. Ct. at 2563. Thus, the Court did not strike the force clause or the enumerated offenses clause of the ACCA. *Id.*

Similarly, the Guidelines include a career offender provision which provides for enhanced sentences for defendants who are found to be career offenders. U.S.S.G. § 4B1.1. Under the Guidelines, a defendant is a career offender if he has at least two prior felony convictions of a "crime of violence" or a "serious drug offense." U.S.S.G. § 4B1.1(a). § 4B1.2(a) of the Guidelines defines "crime of violence" as a felony offense that:

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves the use of explosive, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*. U.S.S.G. § 4B1.2(a)(2) (emphasis added).

7

Courts have consistently construed these two provisions similarly based on their nearly identical language.[2]

## DISCUSSION

I.  ***Johnson*** **Is Inapplicable Because the Petitioner's Prior Convictions Fall Under the Career Offender Force Clause**

The Petitioner's request for relief must fail because he was not sentenced based on the residual clause in U.S.S.G. § 4B1.2(a)(2); rather, his criminal history category was increased based on his prior convictions for aggravated battery. Because this crime includes, as an element, the use or threatened use of force, *Johnson* has no application, and the sentence was appropriate. *See United States v. Garcia*, 2016 U.S. Dist. LEXIS 97000, *19 (N.D. Ind. July 25, 2016) ("*Johnson* had no effect on the first prong of that [the Guidelines' 'crime of violence'] definition."); *see also*, *United States v. Fields*, 823 F.3d 20 (1st Cir. 2016); *United States v. Fields*, 2016 U.S. App. LEXIS 14576 (8th Cir. 2016); *United States v. Williams*, 2016 U.S. App. LEXIS 13064 (6th Cir. 2016); *United States v. Jefferies*, 822 F.3d 192 (5th Cir. 2016).

It is beyond dispute that the Petitioner has multiple prior convictions that fall under the force clause and therefore support the Criminal History

---

[2] U.S.S.G. § 4B1.2(a)(2) limits burglary to "burglary of a dwelling," whereas the ACCA does not contain that restriction.

calculation, to wit: Illinois Aggravated Battery (12/27/1990) and Aggravated Battery with Firearm, Armed Violence (Category I Weapon), and Aggravated Battery (6/23/94) all qualify as a crime of violence because they have "as an element the use, attempted use, or threatened use of physical force against the person of another." *See* U.S.S.G. § 4B1.2(a)(1).

Aggravated battery, as defined by the Illinois statute, is a crime of violence under the force clause of the Guidelines' definition of a crime of violence. *United States v. Dampeer*, 84 Fed. Appx. 665, 667 (7th Cir. 2003) (Defendant's "conduct of 'intentionally causing great bodily harm' to another in committing a battery is a crime of violence under the first prong, since an element of the offense by definition involved the use of physical force against another.") ("[T]he aggravated battery offense clearly fits the definition of a crime of violence."). Illinois law defines aggravated battery as "knowingly … in committing a battery … caus[ing] great bodily harm or permanent disability or disfigurement." 720 ILL. COMP. STAT. ANN. § 5/12-3.05 (LexisNexis 2016). The Seventh Circuit has repeatedly held that "(b)attery causing bodily harm entails physical force" and is, therefore, a crime of violence under the force clause of a crime of violence definition. *Castellanos v. Holder*, 652 F.3d 762, 766 (7th Cir. 2011); *see also*, *United States v. Waters*, 823 F.3d 1062 (7th Cir. 2016) (holding that domestic battery, as Illinois defines it, is a crime of violence under the force clause of the Sentencing

Guidelines), *Laguerre v. Mukasey*, 526 F.3d 1037 (7th Cir. 2008) (holding that domestic battery, as Illinois defines it, is a crime of violence under the force clause of the definition of the crime of violence in 18 U.S.C. § 16(a)).

Therefore, the Petitioner's prior convictions in the Circuit Court of Cook Country Illinois of Aggravated Battery (12/27/1990) and Aggravated Battery with Firearm, Armed Violence (Category I Weapon), and Aggravated Battery (6/23/94) qualify as crimes of violence under the force clause of the Guidelines' definition. Because the Petitioner had "at least two prior felony convictions" of crimes of violence, he was properly categorized as a career offender. U.S.S.G. § 4B1.1(a). Therefore, the prior guideline determination was correct and the sentence does not warrant § 2255 relief.

## II. The Petitioner Failed to Raise his Claim Below and Fails to Establish Actual Prejudice

Even if this Court were to consider the Petitioner's reliance on *Johnson*, his claim would still not warrant relief. As a threshold matter, because the Petitioner did not raise this constitutional issue on direct appeal, he must now show he suffered actual prejudice from the failure to raise the issue. *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *see also*, *United States v. Kovic*, 830 F.2d 680, 683 (7th Cir. 1987). A defaulted claim may be "raised in habeas only if the defendant can first demonstrate . . . 'cause' and actual 'prejudice.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998).

Moreover, a sentencing error "does not automatically lead to resentencing in every case." *United States v. Olson*, 450 F.3d 655, 683 (7th Cir. 2006). Where an error amounts to a misapplication of the Guidelines, the sentence does not need to be vacated when the error was harmless. *United States v. Schlifer*, 403 F.3d 849, 854 (7th Cir. 2005). "When an error relates to the validity of a defendant's sentence, it is harmless only if it did not affect the district court's choice of sentence." *Id.* The PSR determined that the Petitioner's offense level is 43, PSR ¶ 35; the Petitioner does not contest this. Instead, he alleges that it was an error to increase his criminal history category from category IV to VI. At offense level 43, the criminal history category makes "no difference" to an individual's sentence because all criminal history categories carry the same guideline sentence of life in prison. *United States v. Smith*, 223 F. 3d 554, 578-79 (7th Cir. 2000) (finding harmless error where a defendant had an offense level of 43 and his criminal history category should have been category I instead of category II). The guideline range is life imprisonment where the offense level is 43 and the criminal history category is IV, and also where the offense level is 43 and the criminal history category is VI. U.S.S.G. § 5A. Thus, the Petitioner's guideline sentence would have been the same even if his criminal history category was not increased from category IV to VI. Because the change in the criminal history category made no difference

11

to the Petitioner's sentence, he cannot establish prejudice to justify his default.

The Petitioner's argument that "it is axiomatic that a Court exercising its discretion under § 3553(2) is more likely to depart further downward for a criminal defendant in Category Four than for a defendant in Category Six," Habeas at 14, does not change this analysis. First, this premise is questionable especially when, as here, the Criminal History classification produces the same Guidelines range. It is also not supported by the record, which indicates that the district court departed downward based on its concern about the life sentence, not the Criminal History calculation. Second, the Petitioner's argument is inconsistent with the general notion, on direct appeal, that a sentence at or below the applicable Guideline range does not constitute a misapplication of the Guidelines. *See United States v. Adcock*, 1993 U.S. App. LEXIS 21597, *4-5 (7th Cir. 1993) (citing *United States v. Shetterly*, 971 F.2d 67, 76 (7th Cir. 1992); *United States v. Franz*, 908 F.2d 973, 978-79 (7th Cir. 1989)). It is similarly inconsistent with the deference sentencing courts receive for a discretionary downward departure. *See United States v. Prevatte*, 66 F.3d 840, 843 (7th Cir. 1995) (citing *United States v. Blackwell*, 49 F.3d 1232, 1241 (7th Cir. 1995)); *United States v. Shaffer*, 993 F.2d 625, 628-29 (7th Cir. 1993); *Franz*, 886 F.2d at 981-82. Accordingly, the Petitioner's speculation is insufficient to establish prejudice.

### III. *Johnson's* Application to the Guidelines is not Subject to Collateral Review

Finally, even if the Petitioner could overcome these two significant hurdles, "the Supreme Court has never held that a rule invalidating a Guidelines provision as void for vagueness is retroactive to cases on collateral review." *United States v. Stork*, 2015 U.S. Dist. LEXIS 162777, *26-27 (N.D. Ind. Dec. 4, 2015). In fact, if the Court here were to articulate the rule the Petitioner proposes, it would not be retroactively applicable on collateral review. *Id*. at *15 ("[T]o the extent that *Johnson*'s rule can be extended to hold that increasing a defendant's advisory sentencing range under the residual clause of the Guidelines violates the Constitution's guarantee of due process, such a rule would not be retroactively applicable to cases on collateral review.") (emphasis in original). Thus, the Petitioner would not be subject to an adjustment in sentencing even under the new rule he proposes.

When the Supreme Court announces a new rule of constitutional law, the new rule applies to cases on collateral review "only in limited circumstances." *Schriro v. Summerlin*, 524 U.S. 348, 351 (2004). If the new rule is "substantive," then it generally applies retroactively. *Id*.; *Whorton v. Bockting*, 549 U.S. 406, 416, (2007). Substantive rules include "decisions that narrow the scope of a criminal statute by interpreting its terms" and "constitutional determinations that place particular conduct or persons

covered by the statute beyond the State's power to punish." *Schriro*, 542 U.S. at 351-52. "In contrast, rules that regulate only the manner of determining the defendant's culpability are procedural." *Id.* at 353. Both the Seventh Circuit and the Supreme Court have described errors in applying the Guidelines as "procedural." *See, Peugh v. United States*, 133 S. Ct. 2072, 2083 (2013); *Hawkins v. United States,* 724 F.3d 915, 917-18 (7th Cir. 2013). Thus the new rule proposed here would also be procedural. *Stork*, 2015 U.S. Dist. LEXIS 162777 at *19 ("[T]he Court finds that the new rule at issue here [extending Johnson's holding to find that the residual clause in the Guidelines is void for vagueness] would be a procedural rule.")

A new procedural rule does not apply retroactively, unless it is a "'watershed rule(s) of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding," *Schriro*, 542 U.S. at 352 (quoting *Saffle v. Parks*, 494 U.S. 484, 494 (1990)), "without which the likelihood of an accurate conviction is seriously diminished." *Id.* (quoting *Teague v. Lane*, 489 U.S. 288, 313 (1989)). That is "clearly" not the case here. *Stork,* 2015 U.S. Dist. LEXIS 162777 at *19. "Applying the vagueness doctrine to the Guidelines would not 'alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding,' nor is such a rule "necessary to prevent 'an impermissibly large risk' of an inaccurate conviction."" *Id.* (citing *Whorton*, 549 U.S. at 418) (quoting *Schriro*, 542 U.S.

14

at 356). Thus, if this Court were to articulate the rule the Petitioner proposes, the rule would not be retroactively applicable on collateral review. As a result, the Petitioner would not be subject to an adjustment in sentencing.

Finally, the Supreme Court has granted *certiorari* to consider this issue in *Beckles v. United States,* No 15-8544. Thus, if this Court reaches this issue, the Government suggests that this Court stay disposition of the motion pending the decision in *Beckles*, which should be decided in 2017. The Government's motion to stay is not a waiver of our right to assert any applicable procedural bars after *Beckles* is decided and any stay is lifted.

**WHEREFORE**, for each of the reasons set forth above, the Government urges the Court to deny Defendant's § 2255 Motion.

        Respectfully submitted,

        DAVID CAPP
        UNITED STATES ATTORNEY

By: /s/ David J. Nozick
    David J. Nozick
    Assistant United States Attorney
    5400 Federal Plaza, Suite 1500
    Hammond, Indiana 464320
    (219) 037-5500

# CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2016 I filed the foregoing with the Clerk of the Court and I hereby certify that I have mailed by United States Postal Service the document to the following:

Martin Anaya, #11317-027
Federal Correctional Institute – Pekin
PO Box 5000
Pekin, IL 61555
	.

S/Lorene B. Nelson
Lorene B. Nelson
Legal Assistant

OFFICE OF:

United States Attorney