```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF INDIANA
                      HAMMOND DIVISION


UNITED STATES OF AMERICA,    )
                             )
          Plaintiff,         )
                             )
     v.                      )   No. 2:10-CR-109
                             )       (2:16-CV-304)
MARTIN ANAYA,                )
                             )
          Defendant.         )
```

## OPINION AND ORDER

This matter is before the Court on the Motion to Correct Sentence Under 28 U.S.C. § 2255, filed by Martin Anaya ("Anaya") on June 27, 2016 (DE #1307). For the reasons set forth below, the motion is **DENIED.**

A jury found Anaya guilty to conspiracy to commit racketeering activity in violation of 18 U.S.C. § 1962(d) (Count 1) and conspiracy to possess with intent to distribute five kilograms or more of cocaine and 1000 kilograms or more of marijuana in violation of 21 U.S.C. § 846 (Count 2). This court determined that Anaya was a career offender under United States Sentencing Guideline section 4B1.1. He was sentenced to 240 months of incarceration on Count One and 360 months of incarceration on Count Two, to be served concurrently.

Thereafter, the Supreme Court of the United States analyzed

whether the residual clause of the Armed Career Criminal Act ("ACCA") is void for vagueness. *Johnson v. United States*, 135 S. Ct. 2551 (2015). As Justice Scalia noted:

> Under the Armed Career Criminal Act of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. §924(e)(2)(B). We must decide whether this part of the definition of a violent felony survives the Constitution's prohibition of vague criminal laws.

*Id.* at 2555. Ultimately, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Id.* at 2563. It therefore overruled its prior decision in *Sykes v. United States*, 131 S. Ct. 2267 (2011), and held that the residual clause of the definition of violent felony in the ACCA was unconstitutionally vague. *Johnson,* 135 S. Ct. at 2563. The *Johnson* decision is retroactive on both direct appeal and collateral review. *Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015).

Although this Court found Anaya was a career offender under Guideline section 4B1.1, Anaya was not sentenced as an armed career criminal under the ACCA. Accordingly, Anaya's *Johnson* argument can only prevail if the decision in *Johnson* is applicable to the similar language of the Guidelines under which Anaya was sentenced.

2

On March 6, 2017, the Supreme Court decided *Beckles v. United States*, 137 S.Ct. 886 (2017). The Court in *Beckles* determined that the holding in *Johnson* did not extent to the Guideline provision under which Anaya was found to be a career offender. As the Court noted:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in 4B1.2(a)(2) therefore is not void for vagueness.

*Id.* at 892. In light of *Beckles*, the Court's ruling in *Johnson* is inapplicable to Anaya, and his Motion to Correct Sentence Under 28 U.S.C. § 2255 (DE #1307) is **DENIED**.

Even if *Johnson* had been extended to Guideline section 4B1.1, Anaya's motion would still fail. Under the particular facts of his case, despite the finding that he was a career offender, the designation did not alter his Guideline calculation.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a defendant must show that "reasonable jurists could

3

debate whether (or, for that matter, agree that) the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 475 (U.S. 2000) (internal quotation marks and citation omitted).  Anaya has not stated any grounds for relief under section 2255.  The Court finds no basis for a determination that reasonable jurists would find this decision debatable or incorrect or that the issues deserve encouragement to proceed further.  Therefore, the Court **DECLINES** to issue a certificate of appealability.

    The Clerk is **ORDERED** to **DISMISS** this civil action **WITH PREJUDICE**.  The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner (Inmate Reg. No. 11317-027), Pekin FCI, Federal Correctional Institution, Inmate Mail/Parcels, P.C. Box 5000, Pekin, IL 61555, or to such other more current address that may be on file for the Anaya.

**DATED: August 4, 2017**              /s/ **RUDY LOZANO, Judge**
                                                         **United States District Court**