IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

-FILED-

MAR 12 2018

ROBERT N. TRGOVICH, Clerk
U.S DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

MARTIN ANAYA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

CRIM. CASE NO: 13-cr-2189
CIVIL CASE NO: 16-cv-00304

HONORABLE RUDY LOZANO
U.S. DISTRICT JUDGE

MOTION PURSUANT TO FED.R.CIV.PROC. 60(b)(1) AND/OR
SUBSECTION (6), TO VACATE AND RULE ON A SPECIFIC ISSUE
RAISED IN PETITIONER'S § 2255 MOTION [DOCKET ENTRY 1325]

NOW COMES Martin Anaya, proceeding Pro Se in the above captioned-matter. The Petitioner invokes the legal doctrine as prescribed under Haines v. Kerner, 404 U.S. 519, 520-21 (1972), in the instant proceedings. And for the valid, viable and meritorious reasons that follows, the Petitioner prays that this Honorable Court, in the interest of justice and in accord with Due Process(fundamental fairness-doctrine), will arrest the August 4, 2017 order/judgment, see [docket entry 1391], and render a merits determination on the Petitioner's Motion to Withdraw his § 2255 motion. See [docket entry 1325].

(I)

**RELEVANT BACKGROUND**

On June 27, 2016, the Petitioner timely flied a 28 U.S.C. § 2255 motion. See [docket entry 1307]. On June 29, 2016, the Court rendered an Order directing the United States to respond. See

[docket entry 1311]. On September 2, 2016, the Petitioner timely filed his Motion to withdraw his § 2255 motion. See [docket entry 1325]. The Court never rendered an Oder as to [docket entry 1325] so the Petitioner felt compelled to file a motion for extention of time to file his Response as initially Ordered by the Court. See [docket entry 1311, 1326]. On September 9, 2016, the Court granted the Petitioner's motion for extention of time. See [docket entry 1327]. The United States filed its opposition motion as ordered on October 24, 2016. See [docket entry 1329]. The Court rendered its order dismissing Petitioner's § 2255 motion with prejudice. See [docket entry 1391].

The Petitioner declares under the penalty of perjury pursuant to 28 U.S.C. § 1746, that he never received the Court's order dismissing his § 2255 motion with prejudice until he wrote the Court seeking the statuts of his § 2255 motion. See [docket entry 1411].

(II)

### THE APPLICABLE LAW

The instant Rule 60(b)(1) and/or subsection (6) Motion clearly represents a 'true' Rule 60(b) claim. The Petitioner specifically avers that the Court inadvertently failed to rule on his properly filed Motion to Withdraw his § 2255 motion(before the Court rendered it Order dismissing said § 2255 motion). Thus, the instant Rule 60(b) motion asserts a defect in the integrity of the § 2255 proceedings and the defect lies NOT in this Court's resolution of the

.... claim (since this Court never ruled on Petitioner's Motion to Withdraw), see [docket entry 1325]), but in the Court's failure to reach a merits determination on a claim that was properly presented in the Petitioner's § 2255 motion, which runs afoul of Gonzalez v. Crosby, 125 S.Ct. 2641, 2647-48 (2005); see also Freeman v. Chandler, 645 F.3d 863, 867 (7th Cir. 2011):

> A motion that challenges only the district court's failure to reach the merits does not warrant such treatment[as being deemed a second or successive § 2255 motion], and can therefore be ruled upon by the district court. Id.

See also Peach v. U.S., 468 F.3d 1269, 1271 (10th Cir. 2006).

The instant Rule 60(b) motion is being filed "within 8-months" **1/** of the Court's order/judgment dismissing the Petitioner's § 2255 motion with prejudice, see [docket entry 1391], and therefore is filed within a reasonable time.

This Honorable Court has the inherent authority and discretion to rectify the above due process violation(s) by vacating the Court's Order/judgment of August 9, 2016, and ruling on the merits of the Petitioner's properly filed Motion to Withdraw in accord with Freeman, 645 F.3d at 867 (citing Peach, 468 F.3d at 1271), and Fed.R.Civ.Proc. 60(b)(1) and/or subsection (6).

---

**1/** Rule 60(b)(1) reads in pertinent part: On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; .... (6) any other reason that justifies relief.
   The reason in the case at bar is that this Honorable Court inadvertently failed to rule on Petitioner's Motion to withdraw his § 2255 Motion, and of which either subesction (1) or (6) is applicable.

WHEREFORE, the Petitioner respectfully requests the Court to grant the above requested relief and any other the Court deems just and fair.

## CERTIFICATE OF SERVICE

Pursuant to 28 U.S.C. § 1746, under the penalty of perjury, I declare that the above is true and correct to the best of my knowledge and recollection.

I hereby certify that a true and complete copy of the foregoing Rule 60(b) Motion has been placed in U.S. First Class Mail, this day of March 8, 2018, with the postage prepaid to the party below:

David J. Nozick, AUSA
5400 Federal Plaza
Suite 1500
Hammond, IN 46320

Martin Anaya 11317-027
FCI Pekin
P.O. Box 5000
Pekin, IL 61555