# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:10-CR-109 |
| ) | (2:16-CV-304) |
| MARTIN ANAYA, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on the Motion pursuant to Fed. R. Civ. Proc. 60(b)(1) and/or Subsection (6), to Vacate and Rule on a Specific Issue Raised in Petitioner's § 2255 Motion (Docket Entry 1325), filed by Martin Anaya ("Anaya") on March 12, 2018 (DE #1414). For the reasons set forth below, the motion is **DENIED.**

A jury found Anaya guilty to conspiracy to commit racketeering activity in violation of 18 U.S.C. § 1962(d) (Count 1) and conspiracy to possess with intent to distribute five kilograms or more of cocaine and 1000 kilograms or more of marijuana in violation of 21 U.S.C. § 846 (Count 2). The Court determined that Anaya was a career offender under United States Sentencing Guideline section 4B1.1. He was sentenced to 240 months of incarceration on Count One and 360 months of incarceration on Count Two, to be served concurrently.

Anaya filed a motion to vacate, set aside, or correct sentence

under 28 U.S.C. § 2255 on June 27, 2016. (DE #1307.) The Court took this motion under advisement and ordered the Government to respond. (DE #1311.) On September 2, 2016, the Court received a short letter from Anaya stating:

> Your Honor, I sent you a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, on June 27, 2016. After due consideration, the motion is taken under advisement. The Court orders the Government to file and serve a response on or before July 29, 2016. I have not received a response since then. I was to reply today August 26, 2016, but have no response to reply to.

(DE #1325 ("September 2, 2016 Letter").) The Government subsequently filed a motion for an extension of time in which to respond to the § 2255 motion. (DE #1326.) The Court granted this motion on September 9, 2016, and set deadlines for the Government's response to the § 2255 motion, and Anaya's reply, if any. (DE #1327.) The Government filed its response brief; Anaya did not file a reply brief. On August 4, 2017, the Court denied Anaya's § 2255 motion. (DE #1391.)

In the instant motion, Anaya asserts that the Court mistakenly failed to rule on a motion to withdraw his § 2255 motion, which was allegedly contained in the September 2, 2016 Letter. (DE #1414 at 2-3 (citing DE #1325).) Rule 60(b)(1) of the Federal Rules of Civil Procedure states that the Court may relieve a party from an order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). As shown above, the September 2, 2016 Letter does not request that Anaya's § 2255 motion be withdrawn;

2

rather, it merely informs the Court that Anaya had not yet received the Government's response brief. (DE #1325.) Moreover, the docket does not reflect any motion to withdraw Anaya's § 2255 motion. The Court cannot rule on a motion that was never filed. Because there is no mistake, inadvertence, or excusable neglect present here, Anaya's motion (DE #1414) is **DENIED**.

**DATED: April 16, 2018**                                  /s/ RUDY LOZANO, Judge
                                                                               **United States District Court**