UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:10 CR 109 |
| ) | |
| MARTIN ANAYA ) | |

**OPINION and ORDER**

This matter is before the court on defendant Martin Anaya's motion for compassionate release pursuant to 18 U.S.C. § 3582(c) and Section 603 of the First Step Act. (DE # 1515.) For the reasons that follow, the motion will be denied.

**I.   BACKGROUND**

In May 2013, following his jury trial, Anaya was sentenced to a 360-month term of imprisonment, and a five-year term of supervised release, for conspiracy to participate in racketeering activity and conspiracy to possess with intent to distribute five kilograms or more of cocaine and 1,000 kilograms or more of marijuana, in violation of 18 U.S.C. § 1962(d), and 21 U.S.C. § 846. (DE # 932.) Anaya is currently incarcerated at FCI Pekin, in Pekin, Illinois. Anaya is 50 years old and has a projected release date of May 14, 2036. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Apr. 1, 2021).

Anaya has filed a *pro se* motion for a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (DE # 1515.) Anaya is obese, has hypertension, claims to have "lung issues," and has a collapsed disc in his spine. (*Id.* at 6; DE # 1531.) Anaya argues that his medical conditions, as well as the conditions of his incarceration,

place him at an increased risk of contracting, and falling seriously ill from, COVID-19. (*Id.* at 6-7.) He argues that this risk constitutes an extraordinary and compelling reason justifying his early release from prison. (*Id.*)

Pursuant to this court's General Order 2020-11, the undersigned referred Anaya's motion to the Northern District of Indiana Federal Community Defenders (FCD) to determine whether Anaya may be eligible for a reduction in sentence in accordance with Section 603 of the First Step Act. (DE # 1517.) The FCD filed a status report stating that, after reviewing the defendant's motion and presentence investigation report, the FCD has determined that it will be unable to assist Anaya. (DE # 1519.) The Government opposes Anaya's motion (DE # 1524), and Anaya has filed a reply. (DE # 1540.) This matter is fully briefed and is ripe for ruling.

II.     ANALYSIS

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant a convicted defendant compassionate release if the defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). The court may grant a moving defendant's motion for compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. §

2

3582(c)(1)(A).

## 1. Exhaustion

Section 3582(c)(1)(A) requires a defendant to exhaust all remedies with the Bureau of Prisons (BOP) before moving for compassionate release. Specifically, a defendant may file a request for compassionate release with a district court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Anaya claims that he exhausted his administrative remedies, and the Government does not make any argument to the contrary. Exhaustion is an affirmative defense, and the Government loses the benefit of the defense if it fails to properly invoke it. *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021). Because the Government has not asserted this affirmative defense, the court will proceed to consider the merits of Anaya's request.

## 2. Extraordinary and Compelling Reasons

The court is only authorized to grant defendant's request if there exists "extraordinary and compelling reasons" justifying his early release. Congress did not define "extraordinary and compelling reasons" in § 3582(c)(1)(A), instead delegating this task to the Sentencing Commission. 28 U.S.C. § 994(t). The Sentencing Commission defines this phrase in the commentary to § 1B1.13 of the United States Sentencing Guidelines. There, the Sentencing Commission states that an extraordinary and

3

compelling reason warranting a reduction in a term of imprisonment may exist where, as is relevant here: a defendant suffers from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or there exists some other extraordinary and compelling reason justifying a reduction in the defendant's term of imprisonment. U.S.S.G. § 1B1.13 cmt. n.1.

Section 1B1.13 has not been amended to reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release. *United States v. Gunn*, 980 F.3d 1178, at *2 (7th Cir. 2020). Accordingly, § 1B1.13 and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release. *Id.* The court will consider defendant's motion, using § 1B1.13 and its application notes as a guide.

The spread of COVID-19 has created unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene, social distancing, and isolation; yet, social distancing can be difficult for individuals living or working in a prison.

Anaya argues that his medical conditions place him at an increased risk of serious illness, were he to contract COVID-19. The CDC reports that having obesity may increase a person's risk for severe illness from COVID-19, and that the risk of severe COVID-19

4

illness increases sharply with elevated BMI. *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 1, 2021). The CDC also states that having hypertension may make a person more likely to become severely ill from COVID-19. *Id.*

Anaya also claims to have "lung issues" and "heart conditions" – though he fails to specify any medical condition related to his heart or lungs, aside from his hypertension. (DE # 1540 at 3.) Anaya's medical records reveal that he did go to the emergency room in December 2020 complaining of chest pain, and after testing, he was informed that his pain was musculoskeletal. (DE # 1531 at 5.) In January 2021, Anaya reported experiencing shortness of breath, but this was apparently attributed to his anxiety disorder and he was instructed to take his anxiety medication as prescribed. (*Id.* at 1-2.)

Anaya tested positive for COVID-19 in October 2020. (DE # 1531 at 15.) The infection was considered "resolved" in November 2020, without any serious medical complications indicated in his medical records. (*Id.* at 14.) He argues in his reply brief that the conditions of his incarceration place him at an increased risk of contracting the virus for a second time. (DE # 1540.) However, the BOP appears to have controlled the spread of the virus at the prison where he is incarcerated, FCI Pekin. There are currently zero inmate cases, and nine staff cases, of COVID-19 at Anaya's facility. *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Apr. 2, 2021). Thus, his risk of reinfection currently appears remote.

5

Under these circumstances, Anaya has not established an extraordinary and compelling reason warranting compassionate release. While his medical conditions may place him at an increased risk of severe illness were he to contract COVID-19 for a second time, the virus has been effectively controlled at his facility. Compassionate release is an extraordinary event. *United States v. Pena*, No. 2:15-CR-72-PPS, 2020 WL 3264113, at *1 (N.D. Ind. June 17, 2020). While the court is sympathetic to defendant's situation and his concern about potentially becoming re-infected with COVID-19, the circumstances in this case do not amount to an extraordinary and compelling reason justifying his early release. *See United States v. Raia*, 954 F.3 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"); *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020) ("[T]he mere presence of COVID-19 in a particular prison (or the BOP generally) cannot justify compassionate release - if it could, every inmate in that prison could obtain release."); *United States v. Collins*, No. 14-cr-30038, 2020 WL 2301217, at *2 (C.D. Ill. May 8, 2020) ("[T]he COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that makes him more susceptible to the disease."). Accordingly, defendant's motion will be denied.

## III.   CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion for compassionate release under 18 U.S.C. § 3582(c) and Section 603 of the First Step Act (DE # 1515).

**SO ORDERED.**

Date: April 7, 2021

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT