UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | No. 2:10 CR 109 |
| ) | |
| MARTIN ANAYA ) | |

### OPINION and ORDER

This matter is before the court on defendant Martin Anaya's motion for a reduction in sentence pursuant to Amendment 821 of the United States Sentencing Guidelines. (DE # 1796.) For the reasons that follow, the motion is denied.

In April 2023, the United States Sentencing Commission voted to make changes to how a defendant's criminal history is calculated for sentencing. These changes, generally referred to as "Amendment 821," took effect on November 1, 2023. Part A of Amendment 821 amended § 4A1.1 of the Sentencing Guidelines to limit the overall impact of "status points" on certain offenders' criminal history calculation. Part B of Amendment 821 created a new § 4C1.1 guideline that provides a decrease of two offense levels for offenders who did not receive any criminal history points under Chapter Four of the Guidelines and whose instant offense did not involve specified aggravating factors. The Sentencing Commission has given retroactive effect to Amendment 821. *See* N.D. Ind. Gen. Order 2023-32, available at https://www.innd.uscourts.gov/sites/innd/files/2023-32.pdf.

In May 2013, following his jury trial, Anaya was sentenced to a total term of 360 months' imprisonment, and a five-year term of supervised release, for conspiracy to

participate in racketeering activity and conspiracy to possess with intent to distribute five kilograms or more of cocaine and 1,000 kilograms or more of marijuana, in violation of 18 U.S.C. § 1962(d), and 21 U.S.C. § 846. (DE ## 932, 1150.) Defendant now moves for a reduction in this sentence pursuant to Amendment 821. A review of the record reveals that defendant is not entitled to such a reduction.

First, defendant does not qualify for a reduction in sentence under Part A, which limits the impact of status points on certain offenders' criminal history calculation. The amended presentence investigation report (PSR) indicates that defendant received two status points to his criminal history calculation. (DE # 883 at 10.) Defendant received a total of nine criminal history points. (*Id.*) Pursuant to Part A of Amendment 821, defendant is entitled to a one-point reduction in status points, resulting in a total of eight criminal history points. However, this one-point reduction does not change his criminal history category. Ordinarily, a defendant with eight or nine criminal history points would have a criminal history category of IV, and thus the one-point reduction from nine to eight criminal history points would not impact that defendant's guideline range. However, in this case, defendant was sentenced as a career criminal, pursuant to USSG § 4B1.1(b), and therefore his criminal history category was VI. (*See* DE # 957 at 96.) His criminal history category is unchanged by Amendment 821.

The court may only "reduce" a defendant's sentence—that is, the court can act only where "the guideline range applicable to that defendant has subsequently been lowered." USSG § 1B1.10(a)(1); 18 U.S.C. § 3582(c)(2). A reduction is not authorized

2

under § 3582(c)(2) if the guideline amendment did not have the effect of lowering the defendant's applicable guideline range. USSG § 1B1.10(a)(2). Accordingly, because Part A of Amendment 821 does not have any effect on defendant's guideline range, he is not entitled to relief under § 3582(c)(2).

The court next considers the application of Part B of Amendment 821. Defendant has criminal history points, and therefore he does not qualify for a sentence reduction under Part B, which provides for a decrease of two offense levels for certain offenders who did not receive any criminal history points.

In summary, because defendant cannot make a showing that he is entitled to relief under Part A or Part B of retroactive Guidelines Amendment 821, his motion must be denied.

Defendant's motion for a reduction in sentence pursuant to Amendment 821 (DE # 1796) is **DENIED**. Defendant's request for the appointment of counsel is **DENIED as moot**.

              **SO ORDERED.**

Date: April 4, 2024

            s/James T. Moody
            JUDGE JAMES T. MOODY
            UNITED STATES DISTRICT COURT