UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:10 CR 109 |
| | ) | |
| MARTIN ANAYA | ) | |

**OPINION and ORDER**

This matter is before the court on defendant Martin Anaya's motion for compassionate release pursuant to 18 U.S.C. § 3582(c). (DE # 1812.) For the reasons that follow, the motion will be denied.

**I.    BACKGROUND**

In May of 2013, following his jury trial, Anaya was sentenced by the Honorable Judge Rudy Lozano to a term of 360 months' imprisonment for each of Counts 1 (conspiracy to participate in racketeering activity) and 2 (conspiracy to possess with intent to distribute five kilograms or more of cocaine and 1,000 kilograms or more of marijuana), to be served concurrently, and a five-year term of supervised release. (DE ## 932, 1150.) Following his appeal and the Seventh Circuit's issuance of a limited remand, Judge Lozano amended Anaya's term of imprisonment to 240 months for Count 1, and 360 months for Count 2, to be served concurrently. (*See* DE ## 1149, 1150.)

Anaya, proceeding without counsel, now moves for compassionate release. (DE # 1812.) The Government opposes the motion. (DE # 1818.) This matter is fully briefed and is ripe for ruling.

## II.    LEGAL STANDARD

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). However, there are a handful of statutory exceptions to this rule. Under one such exception, a court may grant a convicted defendant compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

## III.    ANALYSIS

The Government does not challenge Anaya's assertion that he exhausted his administrative remedies. It therefore appears that either Anaya has satisfied § 3582(c)(1)(A)'s exhaustion requirement, or else the Government has waived the issue. *See e.g. United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) ("Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it."). Accordingly, the court will proceed to the merits of Anaya's motion.

Anaya presents four circumstances that he believes amount to an 'extraordinary and compelling' reason for compassionate release.

### A.    *Family Circumstance*

Anaya first argues that he has an extraordinary and compelling reason for compassionate release because he is needed to serve as a full-time caregiver for his 70-

2

year-old mother, who suffers from medical conditions such as type 2 diabetes, hypertension, and thrombosis. (DE # 1812 at 18.) The Sentencing Commission has determined that the family circumstances of the defendant can qualify as an extraordinary and compelling reason for release when the immediate family member (including a parent) is incapacitated and the defendant would be the only available caregiver for that family member. U.S.S.G. § 1B1.13(b)(3). Anaya argues that his mother has a strong preference for receiving care from a family member, rather than an external caregiver. (DE # 1812 at 18.) While this preference is certainly understandable, Anaya has not established that his mother is incapacitated or that he is the only available caregiver for his mother, as set forth in § 1B1.13(b)(3). Considering everything presented by Anaya in support of his argument, including the letter from his mother in which she appears to claim that *she* will assist *Anaya* with his medical needs (DE # 1817), the court finds that Anaya has not established an extraordinary and compelling circumstance under § 1B1.13(b)(3).

    B.    *Unusually Long Sentence*

Anaya next argues that he has an extraordinary and compelling reason for compassionate release based on the Sentencing Commission's November 2023 amendment to its policy statement in § 1B1.13 of the Sentencing Guidelines. The Sentencing Commission added § 1B1.13(b)(6), which states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason [for compassionate release under

> § 3582(c)(1)(A)(i)], but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

The Sentencing Commission limited this provision with its simultaneous addition of § 1B1.13(c), which states in relevant part, "[e]xcept as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement."

Anaya argues that his sentence was based on acquitted conduct, and if he were sentenced today, the length of his sentence would be substantially lower. (DE # 1812 at 21.) He argues that courts have increasingly disfavored sentencing defendants based on acquitted conduct. In support of his position, he cites Justice Sotomayor's statement respecting the denial of certiorari in *McClinton v. United States*, 143 S. Ct. 2400, 2401 (2023), in which she states that the practice of using acquitted conduct to increase a defendant's Sentencing Guidelines range and sentence enhancements raises "important questions that go to the fairness and perceived fairness of the criminal justice system." *Id.* Justice Sotomayor noted that the Sentencing Commission had announced that it would soon resolve questions around acquitted-conduct sentencing. *Id.* at 2403. As Anaya points out, the Sentencing Commission did just that in 2024, when it added an amendment stating: "[r]elevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court, unless such conduct also establishes, in whole or in part, the instant offense of conviction." U.S.S.G. §

4

1B1.3(c). However, as the Seventh Circuit recently noted, this Guideline amendment does not have retroactive effect. *United States v. Coleman*, 138 F.4th 489, 512 (7th Cir. 2025); *see also United States v. Brewer*, No. 23-2138, 2025 WL 2025789, at *5, n.1 (7th Cir. July 21, 2025).[1]

Anaya does not qualify for compassionate release under § 1B1.13(b)(6) based on the express terms of that provision. The only change in law he has identified is the non-retroactive amendment to § 1B1.3. In determining which changes in the law are 'extraordinary and compelling,' the Sentencing Commission specifically excluded non-retroactive Guidelines amendments. U.S.S.G. § 1B1.13(b)(6). Anaya has failed to establish an extraordinary and compelling reason for compassionate release based on § 1B1.13(b)(6).

C. *Rehabilitation*

Anaya argues that he has made significant strides toward rehabilitation, and that the court should grant compassionate release on this basis. (DE # 1812 at 22.) "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t); *see also* U.S.S.G. § 1B1.13(d). While rehabilitation of the defendant may be considered in combination with other circumstances in determining whether to, and to what extent, a reduction in a defendant's term of

---

[1] As the law currently stands, for defendants who do not benefit from the amended Guideline provision "a sentencing judge may consider acquitted conduct in calculating a sentence, so long as that conduct has been proved by a preponderance of the evidence and the sentence does not exceed the statutory maximum for the crime of conviction." *Id.* at 511.

imprisonment is warranted, there must first be an independent basis for such a reduction and none exists in this case.

### D. *Unwarranted Sentencing Disparities*

Anaya's final basis for compassionate release is, he argues, the need to avoid unwarranted sentencing disparities. (DE # 1812 at 23.) The need to avoid unwarranted sentencing disparities is one of the § 3553(a) factors that the court must consider *if* a defendant has already established an extraordinary and compelling reason for compassionate release. In this case, Anaya has not satisfied the prerequisite step of establishing an extraordinary and compelling reason for release, and it is for this reason that his motion for compassionate release must be denied.

### III. CONCLUSION

Based on the foregoing, the court **DENIES** defendant's motion for compassionate release under 18 U.S.C. § 3582(c). (DE # 1812).

**SO ORDERED.**

Date: August 7, 2025

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT